IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BONNIE KELLY,<br><br>        Plaintiff,<br><br>vs.<br><br>BENJAMIN CARSON, Secretary of United States of America Housing and Urban Development in his Official Capacity; and DOES 1-50,<br><br>        Defendants. | 8:18-CV-532<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the defendant's motion (filing 15) to dismiss the plaintiff's *qui tam* action. *See* 31 U.S.C. § 3730(c)(2)(A). The plaintiff was provided with an opportunity to respond to the United States' motion, but failed to do so. *See* NECivR 7.1(b)(1)(B). The Court will grant the defendant's motion.

    The defendant proffers several persuasive grounds to dismiss the plaintiff's complaint. *See* filing 16. But the Court need go no farther than *res judicata*. As the defendant points out, Kelly has brought these claims before, more than once. As most pertinent, she asserted them in a nearly-identical action in 2013, which was dismissed with prejudice, without leave to amend, for failure to state a claim. *See Kelly v. Dep't of Housing and Urban Dev.*, No. 13-CV-330 (D. Neb. June 30, 2014). And a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits, so *res judicata* precludes further litigation. *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995); *see Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).

    Furthermore, Kelly sued again in 2017, and the Court dismissed her claims based on *res judicata* arising from the 2013 case. *See Kelly v. Dep't of*

*Housing and Urban Dev.*, No. 8:17-cv-335 (D. Neb. Dec. 26, 2017). And that disposition is itself a resolution on the merits entitled to *res judicata* effect. *Fenelon v. U.S. Postal Serv.*, 43 F.3d 669 (5th Cir. 1994); *see generally* 18A Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 4435 (3d ed. 2002 & Supp. 2019) ("dismissal of a second action on the ground that it is precluded by a prior action is itself effective as res judicata, and a judgment on the merits that forecloses further litigation of the preclusion question in a third action"). The Court agrees with the defendant that the plaintiff's claims are barred by *res judicata*. See *Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032-33 (8th Cir. 2003);

Instead of opposing the motion to dismiss, the plaintiff moves the Court to transfer the case to the Court of Federal Claims. Filing 17. She asserts that "the matter was erronously [sic] brought under the Tort False Claims instead of the Tucker Act." Filing 17 at 1. But, erroneously or not, it *was* brought under the False Claims Act. *See* filing 1. So, while 28 U.S.C. § 1631 permits transfer of a case to cure want of jurisdiction, it's not clear in this case that transfer to the Court of Claims is even an option based on the operative pleading.

But even if it was an option, the Court would decline: § 1631 was enacted so that parties confused about which court has subject-matter jurisdiction would not lose an opportunity to present the merits of a claim by filing in the wrong court and then, upon dismissal, having the claim barred by a statute of limitations. *Gunn v. U.S. Dep't of Agric.*, 118 F.3d 1233, 1240 (8th Cir. 1997). Accordingly, transfer is appropriate when a plaintiff in good faith filed in the wrong court and the statute of limitations would have run before he could refile properly. Here, the Court has serious reservations about Kelly's good faith, given her history of vexatiously pursuing the same claims, and the fact that jurisdiction under the Tucker Act was expressly explained to her by the Court

in her last case. *See Kelly*, No. 8:17-cv-335, slip op. at 3 n.2. And Kelly expressly argues that she has years left on the statute of limitations. *See* filing 18 at 2. So, the Court sees no reason to transfer the case, in lieu of dismissing it.

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 15) is granted.

2. The plaintiff's motion for transfer (filing 17) is denied.

3. A separate judgment will be entered.

Dated this 7th day of August, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge